

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Brig. Gen. Arthur B. Knickerbocker
The Adjutant General of Texas
State Capitol
Austin, Texas

Dear Sir:

Opinion No. 0-7270
Re: Under the laws of the
State of Texas, can an
officer who has reached
the age of retirement,
and whose term of office
has expired, be reappoint-
ed to the Texas National
Guard Armory Board?

And other questions.

  We have your recent request for an opinion, which
contains the following questions;

  "(1) Under the laws of this State, can an
officer who has reached the age of retirement,
and whose term of office has expired, be re-
appointed to the Texas National Guard Armory
Board?

  "(2) When term of office expires, does the
member of the Armory Board continue in office
until the successor is appointed, or is the of-
fice vacated by virtue of the expiration?

  "(3) Can the Adjutant General, or the
Assistant Adjutant General of the State of Texas
be named as Secretary or Executive Secretary of
the Texas National Guard Armory Board, and serve
in that capacity during the tenure of his of-
fice in the Adjutant General's Department?

  "(4) When the Adjutant General certifies
the name of the Senior active National Guard
Officer, does he assume office on the Armory

Brig. Gen. Arthur B. Knickerbocker, page 2

Board automatically, or is he appointed and required to sign an oath of office by the Secretary of State?"

The Texas National Guard Armory Board was created by an Act of the Legislature (Acts 1935, 44th Leg., p. 462, ch. 184), which has been amended subsequently (Acts 1937, 45th Leg., S.B. No. 402, sec. 1; Acts 1939, 46th Leg., p. 487, sec. 1). The last revision is contained in Article 5890b, Vernon's Annotated Civil Statutes. Section 1 of that Article reads, in part, as follows:

"Section 1. There is hereby created the Texas National Guard Armory Board to be composed of five (5) members who shall serve without compensation other than their actual, necessary expenses while traveling on the business of the Board. Those three (3) individuals who are acting as members of the Texas National Guard Armory Board as created and defined by Chapter 366 of the Regular Session of the Forty-fifth Legislature of the State of Texas on the effective date of this Act, together with the senior active officer of the National Guard of Texas, not of the three (3) above mentioned, and the senior cavalry officer of said Guard, shall constitute the initial membership of the Board created by this Act. Of the three (3) individuals first above mentioned, the oldest shall have the initial term of six (6) years, the next oldest the four (4) year and the youngest of the three (3) the two (2) year initial term. Of the other two (2) members, the cavalry officer shall have the three (3) year term, and the other the one (1) year term. All such initial terms shall date from the date this Act becomes effective. Except as above provided, the terms of membership on said Board shall be of six (6) years' duration.

"Each member of said Board shall, within fifteen (15) days from the day upon which this Act becomes effective, or from the date of his receipt of notice of his eligibility to serve to fill a vacancy, qualify by taking and filing with the Secretary of State the constitutional

Brig. Gen. Arthur B. Knickerbocker, page 3

oath of office. Failure to qualify, expiration of the term of a member, or the occurrence of his death, resignation or ineligibility to serve, shall create a vacancy in such membership which shall be filled in the following marner: Within five (5) days after the occurrence of a vacancy the Adjutant General of Texas shall certify to the Secretary of State and to the officer concerned, the name of the senior active officer of the National Guard of Texas who is not then occupying an unexpired term as a member of said Board, together with the length of term in which the vacancy exists. The officer whose name is so certified, or those later certified as hereinafter provided, shall be eligible to fill such vacancy. In case such officer shall, for any reason, fail to qualify within a period of fifteen (15) days from the date of such certification, the said Adjutant General shall forthwith certify that fact to the Secretary of State, and shall certify to him and to the officer concerned the name of the next senior active officer of the said Guard in like manner as hereinabove provided, and so on until an officer so certified qualifies to fill the vacancy.

"An active officer, within the meaning of the above provisions, shall be any regularly commissioned officer of the line of the said Guard, other than retired officers. No change in military status while a member and no retirement of an active officer for age or length of service shall affect his eligibility to serve out his term as a member of said Board; but if he shall resign from or be separated from active service in said National Guard, otherwise than by such retirement, he shall thereby become ineligible for designation to or service on the membership of said Board.

"...."

Article 5800, Vernon's Annotated Civil Statutes, reads as follows:

Brig. Gen. Arthur B. Knickerbocker, page 4

"All officers of the National Guard of Texas, shall be appointed and commissioned by the Governor, and shall hold their positions until they shall have reached the age of sixty-four years, unless sooner retired by reason of resignations, disability or for cause to be determined by a court martial or an efficiency board legally convened for that purpose."

Article 5803, Vernon's Annotated Civil Statutes, reads as follows:

"All officers of the National Guard of Texas shall be citizens of the United States, over twenty-one and under sixty-four years of age, and shall take and subscribe the official oath, and shall have successfully passed the physical examination as prescribed by the laws of the United States."

Article 5809, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"Any officer of the active militia who has reached the age of sixty-four years may be placed upon the retired list by the Governor. ..."

It is apparent from the above-quoted laws that expiration of the term of a member of the Board creates a vacancy which is to be filled by the "senior active officer" of the National Guard of Texas. A member whose term has expired is eligible for reappointment if he is the "senior active officer." An officer who has been retired is not eligible because he is no longer "active." However, the mere fact that an active officer has reached the age of retirement does not disqualify him because he remains "active," until placed upon the retired list by the Governor. Assuming that your first question refers to an officer who has been retired because of having reached the age of retirement, we answer that question in the negative; otherwise, in the affirmative.

The Act does not expressly state that a member continues in office until his successor qualifies, but such

Brig. Gen. Arthur B. Knickerbocker, page 5

is the general rule. The Constitution of Texas provides that "all officers within the State shall continue to perform the duties of their offices until their successors shall be duly qualified." (Article XVI, sec. 17)  The general rule as to holding over prevails even in the absence of any express constitutional or statutory provision.  34 Tex. Jur. 370.

Therefore, in answer to your second question, we hold that when a term of office expires, the member of the Board continues in office until his successor qualifies.

The Texas Constitution, Article XVI, Sections 33 and 40, read as follows:

"Sec. 33.  The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution.  Provided, that this restriction as to the drawing and paying of warrants upon the Treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, the Organized Reserves of the United States, nor to retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Navy, and Marine Corps."

"Sec. 40.  No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except that of Justice of Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and retired officers of the United States Army, Navy,

Brig. Gen. Arthur B. Knickerbocker, page 6

and Marine Corps, and retired warrant offic-
ers, and retired enlisted men of the United
States Army, Navy, and Marine Corps, unless
otherwise specially provided herein. Provid-
ed, that nothing in this Constitution shall
be construed to prohibit an officer or enlist-
ed man of the National Guard, and the National
Guard Reserve, or an officer in the Officers
Reserve Corps of the United States, or an en-
listed man in the Organized Reserves of the
United States; or retired officers of the
United States Army, Navy and Marine Corps,
and retired warrant officers, and retired
enlisted men of the United States Army, Navy,
and Marine Corps, from holding inconjunction
with such office any other office or posi-
tion of honor, trust or profit, under this
State or the United States, or from voting
at any Election; General, Special or Primary,
in this State when otherwise qualified."

The Adjutant General and the Assistant Adjutant
General are officers of the National Guard of Texas, hold-
ing the rank of brigadier-general and colonel respectively.
Their status as National Guard officers alone would not dis-
qualify them for other state offices or employment. How-
ever, in addition to being officers in the National Guard,
the Adjutant General and his Assistant are state officials
appointed by the Governor and, in such capacity, receive an-
nual salaries under the appropriation bill. (Laws 1945,
49th Leg., ch. 378, p. 810) Under the same bill, annual
salaries are appropriated for the Secretary (Director) and
the Clerk (Executive Secretary) of the Texas National Guard
Armory Board (see p. 940). In our opinion, the above-quoted
constitutional provisions prohibit the Adjutant General and
the Assistant Adjutant General from holding either of the
two salaried positions under the Armory Board. Therefore,
we answer your third question in the negative.

Under the provisions of Article 5890b, quoted
above, when a vacancy occurs on the Board, the Adjutant
General is required to certify to the Secretary of State,
and to the officer concerned, the name of the senior active
officer of the National Guard of Texas who is not then oc-
cupying an unexpired term as a Member of said Board. In

Brig. Gen. Arthur B. Knickerbocker, page 7

our opinion, such certification constitutes an appointment of the officer whose name is so certified. However, the statute requires that the member so appointed shall, within 15 days from the date of receipt of such notice, qualify by taking and filing with the Secretary of State the constitutional oath of office. If he fails to so qualify, the Adjutant General is required to certify the name of the next senior active officer. Therefore, in answer to your fourth question, it is our opinion that when a vacancy occurs and the Adjutant General certifies the name of the senior active officer, such certification constitutes an appointment of the officer named, but that in order to qualify as a member of the Board, he must take the oath of office and file it with the Secretary of State within 15 days.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Raymond A. Lynch
Raymond A. Lynch
Assistant

APPROVED JUL 2 1948

FIRST ASSISTANT
ATTORNEY GENERAL

RAL:db


APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN